UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos. 2:15-CR-53-KAC-JEM |
| | ) | 3:22-CR-25-KAC-JEM |
| ROBERT W. BURCHFIELD, | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT**

This case is before the undersigned on Defendant Robert Burchfield's two motions for mental evaluation of his competency [No. 2:15-CR-53-KAC-JEM, Doc. 51; No. 3:22-CR-25, Doc. 59], which were referred [Docs. 54, 62 (respectively)].[1] 28 U.S.C. § 636(b). The parties appeared on October 4, 2023, for an initial appearance on an Amended Petition for Warrant for Offender Under Supervision [Doc. 58, SEALED]. Assistant United States Attorney Miriam Johnson appeared on behalf of the Government. Attorney Michael B. Menefee represented Defendant Robert Burchfield, who was also present.

Defendant asks the Court for a hearing to determine his competency to stand trial, pursuant to 18 U.S.C. § 4241 and for a psychological evaluation in relation thereto [Doc. 59 p. 1]. In the motion, defense counsel states he is concerned about Defendant's mental capacity because Defendant is paranoid, is hallucinating, and appears to be hearing voices not heard by others [*Id.*]. Defense counsel questions whether Defendant can understand his charges and the proceedings or is able to participate in his defense [*Id.*]. The Government responded, taking no position on the issue [Doc. 61].

---

[1] All citations will be to case number 3:22-CR-25, unless otherwise specified.

At the motion hearing, Mr. Menefee stated that while he had not gathered any mental health records, his interactions with Defendant cause him to question Defendant's competency. He has met with Defendant on several occasions and is not able to communicate with Defendant in a meaningful way about his case. Instead, their conversations remain focused on tangential matters. He reiterated that Defendant is paranoid and is seeing and hearing things that are not there. Mr. Menefee said an evaluation by a mental health professional is necessary to determine whether Defendant is competent and/or needs medication. AUSA Johnson confirmed that the Government takes no position on the request.

Based upon defense counsel's experiences with Defendant,[2] the undersigned finds reasonable cause exists to believe that Defendant Burchfield may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). Defendant's motions for a competency hearing [**No. 2:15-CR-53-KAC-JEM, Doc. 51; No. 3:22-CR-25, Doc. 59**] are **GRANTED**. The Court will conduct a hearing to determine Defendant's competency to stand trial.

The undersigned also concludes that a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(b) would assist the Court in making the competency determination. Accordingly, the undersigned **ORDERS** that Defendant be committed for a mental evaluation under the procedures set out below. The Court will hold a competency hearing on **January 9, 2024, at 1:30 p.m**.

---

[2] The undersigned has also reviewed Defendant's Presentence Investigation Report from June 23, 2022, and notes a report of mental health treatment as a juvenile [Doc. 35 ¶57, SEALED].

Finally, the Court finds it is impossible for the parties to proceed to an initial appearance and revocation hearing while Defendant's competency is in question. Accordingly, the initial appearance on the Amended Petition and the revocation hearing are held in abeyance until the matter of Defendant's competency is resolved.

Based upon the above findings and pursuant to Title 18, Sections 4241(b), 4247(b), and 4247(c), of the United States Code, the Court **ORDERS**, as follows:

1) Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, Defendant shall be transported by the United States Marshals Service to such facility.

2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of Defendant for the purpose of determining whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

3) Pursuant to Rule 12.2(c), Defendant is to submit to such examinations as ordered above.

4) Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report or reports of their examinations with copies provided to counsel for Defendant and counsel for the United States, and said report shall include:

   a. Defendant's history and present symptoms;

b. a description of the psychiatric, psychological and medical tests that were employed and their results;

c. the examiner's findings;

d. the examiner's opinions as to diagnosis and prognosis; and

e. the examiner's opinion as to whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

6) Pursuant to Title 18, Section 4247(b), of the United States Code, Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

7) Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30)-day period, or any reasonable extension of that time.

8) Defendant's motions for a competency hearing [**No. 2:15-CR-53-KAC-JEM, Doc. 51; No. 3:22-CR-25, Doc. 59**] are **GRANTED**. A competency hearing and/or status conference is set for **January 9, 2024, at 1:30 p.m.** If Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

9) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If Defendant has returned in time, the United States Marshals Service shall bring him to the **January 9, 2024** competency hearing.

10) The initial appearance on the Amended Petition and the revocation hearing are removed from the Court's calendar and **HELD IN ABEYANCE** until the issue of Defendant's competency is resolved.

11) Defense counsel is **DIRECTED** to provide any records of Defendant's mental health history and treatment that he has or acquires to the evaluating provider to assist with the evaluation.

12) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge